BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

BENJAMIN T. TAKEMOTO
(CA Bar No. 308075)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| THE WOMEN'S STUDENT UNION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION,<br><br>Defendant. | Case No. 21-cv-1626-EMC<br><br>**Defendant's Opposition to the Organizational Movants' Motion to Intervene**<br><br>Hon. Edward M. Chen<br>Hearing: July 15, 2021, 1:30 p.m.<br><br>Phillip Burton Federal Building & United States Courthouse, Courtroom 5, 17th Fl., 450 Golden Gate Ave., San Francisco, CA 94102 |

This case raises a purely legal question about the validity of a Department of Education regulation concerning federal financial recipients' responses to sex discrimination, including sexual harassment. *See* Nondiscrimination on the Basis of Sex in Education Programs or Activities Receiving Federal Financial Assistance, 85 Fed. Reg. 30,026 (May 19, 2020) [hereinafter 2020 Rule]. The Foundation for Individual Rights in Education, Independent Women's Law Center, and Speech First, Inc. (collectively, "the Organizational Movants") have filed a Motion to Intervene as Defendants based on their support for that regulation. ECF No. 35. That support, however, does not justify intervention: the Organizational Movants have failed to show how the federal government, which is responsible for defending federal regulations in court, would inadequately defend the 2020 Rule. Nor have the Organizational Movants asserted any unique claim or defense; they simply piggyback on the federal government's interest in defending against legal challenges to the 2020 Rule. For these reasons, the Organizational Movants have failed to show why they should be permitted to intervene. Their Motion to Intervene should be denied.

## BACKGROUND

On May 19, 2020, the Department of Education promulgated a regulation that specifies how recipients of federal financial assistance covered by Title IX, including elementary schools, secondary schools, colleges, and universities, must respond to allegations of sex discrimination, including sexual harassment, under Title IX of the Education Amendments of 1972. *See* 2020 Rule. Challenges to this regulation were brought in several districts. Two of those challenges have been dismissed. *See Know Your IX v. DeVos*, No. 20-cv-1224 (D. Md. dismissed Oct. 20, 2020); *New York v. ED*, No. 20-cv-4260 (S.D.N.Y. voluntarily dismissed Nov. 4, 2020). One is still pending. *See Victim Rights Law Center v. DeVos*, No. 20-cv-11104 (D. Mass. filed June 10, 2020). And another has been held in abeyance. *See Pennsylvania v. DeVos*, No. 20-cv-1468 (D.D.C. stayed Mar. 11, 2021).

Plaintiff brought this action on March 8, 2021, in which it asserted a single claim: that the Department violated the Administrative Procedure Act. *See* Compl. ¶¶ 83–89, ECF No. 1. Texas filed its Motion to Intervene as Defendant on April 7, 2021, ECF No. 19, and the Organizational Movants filed their Motion to Intervene on May 24, 2021. The Court has scheduled a hearing on these motions on July 15, 2021.

## LEGAL STANDARD

Rule 24 of the Federal Rules of Civil Procedure governs the terms under which a non-party may intervene. The first part of the rule sets forth certain circumstances under which a court *must* permit intervention: when the movant "is given an unconditional right to intervene by a federal statute; or . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). And the second part of the rule sets forth other circumstances under which a court *may* permit intervention: when the movant "is given a conditional right to intervene by a federal statute; or . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b).

## ARGUMENT

The Organizational Movants have failed to show that either mandatory or permissive intervention is warranted here.

**I.    Mandatory Intervention Should Be Denied.**

The Court should deny the Organizational Movants' Rule 24(a) request for two, independent reasons: (A) they haven't identified a protectable interest and (B) the government adequately represents any interest they might have.

**A.    The Organizational Movants Have Not Identified a Protectable Interest.**

First, the Organizational Movants have not identified a direct interest in this litigation. To intervene of right, an applicant must possess an interest that is "direct, non-contingent, substantial and legally protectable." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981). The Organizational Movants assert that their interest in this case is the "mirror-image" of Plaintiff's interest. *See* Mot. 6. However, for the same reasons that Plaintiff's injury is speculative, and as Defendant will further explain in its forthcoming motion to dismiss, the Organizational Movants' interest is also speculative. The Organizational Movants assert that "the rule has allowed Movants to reallocate resources to other activities that would otherwise be used to resist unconstitutional disciplinary proceedings." *Id.* Other than this conclusory assertion, however, the Organizational Movants have not pointed to any evidence that the 2020 Rule has directly affected them or that their alleged reallocation of resources was involuntary. It is not clear what resources the Organizational Movants are referring to, let alone how such reallocation connects

to a specific part of the 2020 Rule. The Ninth Circuit has held that an organization cannot claim injury based on a diversion of resources without pointing to specific "factual assertions" demonstrating "that it would have suffered some other injury if it had not diverted resources to counteracting the problem." *La Asociacion de Trabajadores de Lake Forest*, 624 F.3d at 1088. "It cannot manufacture the injury by incurring litigation costs or simply choosing to spend money fixing a problem that otherwise would not affect the organization at all." *Id.* Because the Organizational Movants base their protected interest on this theory, and because they haven't pointed to any factual assertions in support of it, they should not be permitted to intervene under Rule 24(a).

        **B.**    **The Government Adequately Represents the Organizational Movants' Interests.**

Second, the Organizational Movants have not made a compelling showing that the government will not adequately represent their interests. The Ninth Circuit "considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). In practice, however, "[t]he 'most important factor' to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950–51 (9th Cir. 2009) (quoting *Arakaki*, 324 F.3d at 1086). So "[w]here the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Id.* (quoting *Arakaki*, 324 F.3d at 1086) (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)).

In addition, "[t]here is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents, which must be rebutted with a compelling showing." *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (internal quotation marks omitted). For example, "[t]his presumption of adequacy is 'nowhere more applicable than in a case where the Department of Justice deploys its formidable resources to defend the constitutionality of a congressional enactment.'" *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir.

*WSU v. ED*, No. 21-cv-1626-EMC, Def.'s Opp'n Org. Movants' Mot. Intervene
3

2011) (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 444 (9th Cir. 2006)).

Accordingly, Defendant's representation of the interests advanced by the Organizational Movants is presumed to be adequate, as a matter of law, for two independent reasons: (1) because Defendant and the Organizational Movants "share the same 'ultimate objective,'" *Perry*, 587 F.3d at 951 (quoting *Arakaki*, 324 F.3d at 1086)—to defend the Final Rule in litigation—and (2) because Defendant is a federal agency represented by the Department of Justice, and the Complaint challenges only the legality of the 2020 Rule, *Citizens for Balanced Use*, 647 F.3d at 898; *Freedom from Religion Found.*, 644 F.3d at 841. Ninth Circuit precedent requires a particularly "compelling showing," *Perry*, 587 F.3d at 951, to justify intervention in such circumstances. The Organizational Movants have not made such a showing.

The Organizational Movants argue that they have overcome this presumption because they have "distinctly different, and likely conflicting interests." Mot. 9 (quoting *California ex rel. Lockyer*, 450 F.3d at 443). Notably, however, the Organizational Movants fail to point to any statements made or positions taken by the federal government to support its right to intervene. That is fatal to their efforts to intervene at this stage of the litigation. *See Freedom from Religion Found.*, 644 F.3d at 842 (denying intervention where movant "presented no evidence that the federal defendants actually *have urged* a narrow interpretation" (emphasis in original)). Further, Organizational Movants must do more than show the Defendant might choose to emphasize different legal arguments as a matter of legal strategy to justify interventions. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1306 (9th Cir. 1997) (noting that where a "proposed intervenor . . . has vested its claim for intervention entirely upon a disagreement over litigation strategy or legal tactics, courts have been hesitant to accord the applicant full-party status."); *Perry*, 587 F.3d at 954 (observing that adequacy of representation does not turn on whether an existing party will litigate a case "in the exact manner" that a proposed intervenor would). Organizational Movants' speculation—without any *evidence*—as to what arguments the government will or will not raise is insufficient to overcome the presumption that the government can adequately defend its regulations from legal challenges. *See California ex rel. Lockyer*, 450 F.3d at 444 (observing that "just because the government theoretically may offer a limiting construction of a statute that is narrower than that of a party proposing intervention does not mean that the party has overcome the presumption of adequacy of representation").

On the contrary, the Department of Justice is capable of defending this litigation, while leaving room for any policy changes to the existing rule made through the ordinary administrative process. As explained in Defendant's motion to hold the case in abeyance, the Department of Education is conducting a comprehensive review of the 2020 Rule and its regulations implementing Title IX pursuant to Executive Order 14,021, which sets forth the current administration's policy on guaranteeing an educational environment free from discrimination on the basis of sex. *See* Guaranteeing an Educational Environment Free from Discrimination on the Basis of Sex, Including Sexual Orientation or Gender Identity, 86 Fed. Reg. 13,803 (Mar. 8, 2021). But until that process is complete, it would be premature to conclude that the government is an inadequate representative.[1]

To confirm this conclusion, the Court need look no further than the First Circuit's decision affirming the denial of these very Organizational Movants' intervention request in *Victim Rights Law Center*, 988 F.3d 556 (1st Cir. 2021), a parallel case involving a challenge to the 2020 Rule. There, the Organizational Movants sought to intervene for the same reasons that they do here, namely, that their focus on "broad First Amendment and due process rights on college and university campuses" is different from the government's focus and "that these divergent motivations have led them to pursue different legal strategies than those pursued by the government." *Id.* at 561. The First Circuit rejected these arguments, holding that "a movant-intervenors' interest in making an additional constitutional argument in defense of government action does not render the government's representation inadequate." *Id.* (citing *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999)). The court also concluded that intervention would be particularly inappropriate because the Organizational Movants sought to raise unnecessary constitutional claims: "it would be inconsistent with the principle of constitutional avoidance to conclude that the district court abused its discretion in denying an intervention sought to expedite a judgment on constitutional questions that could have been avoided by limiting the case to the issues as framed by the plaintiffs and government." *Id.* at 563.

The Organizational Movants' only response to the First Circuit's decision is that the First Circuit

---

[1] To be sure, Defendant has not yet filed any pleading or motion setting forth its legal position in this case. This supports denial of the Organizational Movants' motion without prejudice; their motion could be renewed at a later date if they believe that Defendant is not adequately defending the legality of the 2020 Rule.

***WSU v. ED**, No. 21-cv-1626-EMC, Def.'s Opp'n Org. Movants' Mot. Intervene*
5

applies a different Rule 24 standard than the Ninth Circuit. *See* Mot. 11–12. But this is incorrect. Both circuits afford the government a strong presumption that it will adequately represent the applicants' interests. *Compare Citizens for Balanced Use*, 647 F.3d 898 (requiring a "compelling showing" to overcome the presumption), *with Victim Rights Law Ctr.*, 988 F.3d at 561 (requiring "a strong affirmative showing"). The Organizational Movants also strain to distinguish the laws of each circuit by arguing that the Ninth Circuit assesses *potential* inadequacy whereas the First Circuit assesses *actual* inadequacy. *See* Mot. 11–12. However, there isn't a difference in that respect either. The First Circuit also assesses the "*likelihood* of conflict or divergence of interest." *See Cotter v. Mass. Ass'n of Minority Law Enf't Officers*, 219 F.3d 31, 35 (1st Cir. 2000) (emphasis added). But it, like the Ninth Circuit, requires more than speculation to assess this likelihood: Rule 24(a) always requires the movant to prove that its interests aren't being adequately represented by pointing to specific evidence. *See, e.g.*, *Cotter*, 219 F.3d at 36 (noting that the government was likely to "resist a defense premised on a showing that its tests are currently in violation of law"). Under the law of both of these circuits, the Organizational Movants have failed to point to any specific evidence of the government's inadequate representation.

**II.     Permissive Intervention Should Be Denied Because the Organizational Movants Have Not Raised a Unique Claim or Defense.**

Pursuant to Federal Rule of Civil Procedure 24(b), "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999) (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997)). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). "In exercising its discretion, the district court must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id.*

The Court should deny permissive intervention because this case involves purely legal attacks on the facial validity of the 2020 Rule. Unlike a dispute between private litigants in which a non-party seeks to intervene as a defendant to ensure that *its own* legal rights and obligations are adjudicated fairly and

with its participation, the Organizational Movants has no "claim or defense" that is "in common" with either Plaintiff or Defendant. It has no affirmative "claim" at all, as it seeks to intervene only as defendants. And they have no "defense" that is common to the government, as no plaintiff could bring an APA claim against any entity other than the federal government. The Organizational Movants might (or might not) serve a helpful role as *amici*, to the extent that they assist in presenting certain legal issues to the Court. But given the nature of this lawsuit against the federal government, supporting Defendant and hoping that it prevails does not give rise to a common "claim or defense" with any party in this litigation.

## CONCLUSION

For the foregoing reasons, the Court should deny the Organizational Movants' Motion to Intervene.

Dated: June 14, 2021                          Respectfully Submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

CARLOTTA P. WELLS
Assistant Branch Director
Civil Division, Federal Programs Branch

*Benjamin T. Takemoto*
BENJAMIN T. TAKEMOTO
(CA Bar No. 308075)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 532-4252
Fax: (202) 616-8460
E-mail: benjamin.takemoto@usdoj.gov

*Attorneys for Defendant*

**WSU v. ED, No. 21-cv-1626-EMC, Def.'s Opp'n Org. Movants' Mot. Intervene**
7